FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 13 2011

JAMES N. HATTEN, CLERK
By: J. Branton, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GEORGE DANIELS, :
    Defendant
                             :

vs.                           :      1:90-cr-190-JOF

                             :

UNITED STATES OF AMERICA,
    Plaintiff               :

## MOTION TO REDUCE SENTENCE UNDER 18 U.S.C § 3582 (c)

   Comes now, George Daniels, proceeding pro se, and moves this Court to amend his judgment pursuant to 18 U.S.C § 3582(c) which provides in relevant part:

> "In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been lowered by the sentencing commission, pursuant to 28 U.S.C § 994(o), upon motion of the defendnat, the court may reduce the term of imprisonment after considering the factors set forth in section 3553."

The grounds in support of said motion is amendment 505 which amended the guideline range by capping the upper drug limits of the drug quantity table in 2D1.1 from level 42 to 38. As defendant Daniel's was originally sentenced after being found guilty of conspiracy to distribute in excess of 100 grams of methamphetamine, and at sentencing the probation department finding a base offense level

level of 42 where the drug trafficking conspiracy involved "30 Kg or more of pure methemphetamine," coupled with a criminal history score of IV, his guideline range was only life in prison.

In light of amendment 505 capping the upper drug limit to level 38, and 1B1.10(b)(1) which now reads that "a court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline applications unaffected," defendant Daniels' guideline range would now yield a base offense level of 38, criminal history IV, reflecting a new 324-405 month sentencing range.

Amendment 505 has been determined to apply retroactively being that it is listed under 1B1.10(c) which states the following:

> "in a case in which a defendant is serving a term of imprisonment and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the guideline manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C § 3582(c)."

As a result, defendant Daniels is eligible for a reduction of his sentence subject, however, to the terms and conditions as outlined in the newly amended version of 1B1. 10 (a) which under application note B lists factors for consideration, specifically note B(i) which states:

> "consistent with 18 U.S.C § 3582 (c)(2), the court shall consider the factors in 18 U.S.C § 3553(a) in determining: (1) whether a reduction in the defendant's term of imprisonment is warranted; and (ii) the extent of such reduction, but only within the limits described in subsection (b).

(2)

>   (ii) Public Safety Consideration-Consideration-The Court shall consider the nature and seriousness or the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in determining: (I) whether such a reduction is warranted
>
>   (iii) Post-Sentencing Conduct-The Court may consider post sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment in determing: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such a reduction, but not only within the limits descrived in subsection (b).

Defendant Daniels submits that awarding him this reduction under 1B1.10 (c) would not impose any safety concerns and will not endanger the safety of any person or the community by a reduction in his sentence. Defendant after serving 21 years in prison is now 71 years of age and recovering from a recent stroke. These factors mitigate the potential that he would engage in any future criminal conduct. In addition, defendant since the commencement of his incarceration has never received an incident report from staff, and has also maintained steady employment in Unicor, which produces military clothing and other government accessories, conduct which demonstrates exceptional post-sentencing conduct as well as a new found respect for the law.

Last but not least, Defendant submits that this court in the case of his codefendant has granted a resentencing based on amendment 505. See Demar v. United States, 228 Fed. Appx. 940, Note 6 (11th. Cir. 2007)(Appellate Court noting District Court granted reduction under amendment 505. And since Defendant's

co-defendant Ms. Demar was clearly more culpable than defendant Daniels, he submits that a reduction under amendment 505 would be fitting as well under the facts of the instant case.

Based on the foregoing, Defendant Danield respectfully submits that in consideration of the factors outlined in 1B1.10(c) and application note B(ii) and (iii), that the court consider the factors of 3553(a) to the extent they are applicable in granting the relief requested, which is reducing his sentence to 324 months for his conviction for conspiracy to possess with intent to distribure in excess of 100 grams of methamphetamine.

Date: 7th day of May, 2011                    Respectfully Submitted

                                              *George Daniel* (signature)
                                              George Daniels
                                              # 41045-019
                                              P.O Box 1500
                                              Butner, N.C 27509

## CERTIFICATE OF SERVICE

I Certify that on this 7th day of May 2011, I caused to be served on the following, United States Attorney Office for the Northern District of Georgia, 600 U.S Courthouse, 75 Springs Street, S.W, Atlanta Georgia 30303-3309, a copy of Defendant's Daniels' motion to reduce sentence pursuant to 18 U.S.C § 3582(c).

                                              *George Daniel* (signature)
                                              George Daniels
                                              # 41045-019
                                              P.O Box 1500
                                              Butner, N.C 27509