IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:90-CR-190-JOF-2 |
| | : | |
| GEORGE DANIELS, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S RESPONSE ADDRESSING DEFENDANT'S ELIGIBILITY**
**FOR A SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)**

COMES NOW the United States of America, by Sally Quillian Yates, United States Attorney, and G. Scott Hulsey, Assistant United States Attorney, Northern District of Georgia, and pursuant to this Court's Order, hereby files the Government's Response Addressing the Defendant's Eligibility For A Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2).

INTRODUCTION

This Court has ordered the government to respond regarding whether the defendant is eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 750 to the Sentencing Guidelines, which lowers the base offense levels applicable to certain crack offenses. (Doc. 551). However, after reviewing the defendant's motion the government finds that the defendant makes no reference to Amendment 750, or crack cocaine, and cites only Amendment 505 as his basis for sentence reduction. (Doc. 546). See USSG App. C, Vol. I, Amend. 505, (effective November 1, 1994).

Because the defendant was sentenced to a statutory mandatory minimum term of life imprisonment, the defendant is not eligible for relief pursuant to 18 U.S.C. § 3582(c)(2), Amendment 505, and his motion must be denied as shown below.

## PROCEDURAL HISTORY

On August 20, 1991, the defendant, George Daniels, was convicted by a jury in the Northern District of Georgia on Counts One (Conspiracy to Distribute in excess of 100 grams of Methamphetamine, 21 U.S.C. §§ 841(a) and 846), and Count Eight (Distribution of Methamphetamine, 21 U.S.C. § 841(a)(1)) of a Nine Count Second Superseding Indictment charging eleven defendants. (Docs. 99, 186; Pre-Sentence Report ("PSR"), Part A, p. 2).

On December 13, 1991, this Court sentenced the defendant to a statutory mandatory term of life imprisonment. (Doc. 217; PSR ¶ 134; SOR ¶ 8).  On March 11, 1993, the defendant's conviction and sentence were affirmed on appeal. (Doc. 257).

On August 31, 1994, the defendant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.  (Doc. 287).  The Court subsequently allowed the defendant to withdraw that motion and appointed counsel to assist the defendant with refiling a 28 U.S.C. § 2255 motion.  (Doc. 335).  With the Court's permission, (Doc. 358), the defendant filed his revised 28 U.S.C. § 2255 motion on April 22, 1996.  (Doc. 361).  After review, the Court denied that motion on December 4, 1998.  (Doc. 441).  The defendant appealed

the Court's denial of his § 2255 motion, (Doc. 446), but the Court's decision was affirmed by the Eleventh Circuit on June 22, 2000. (Doc. 484).  The defendant is currently incarcerated, serving his life sentence.  See Bureau of Prisons, http://www.bop.gov (last visited April 25, 2012).

On May 13, 2011, the defendant filed a motion pursuant to 18 U.S.C. § 3582 for Reduction of Sentence based on Amendment 505, and the government responds pursuant to the Court's Order. (Doc. 551).

STATEMENT OF FACTS

Under the United States Sentencing Guidelines, the Court calculated the defendant's initial base offense level under USSG § 2D1.1(c) at 42, based on 421,848.00 kilograms of marijuana, i.e., the conversion amount representing 93 pounds of ice or methamphetamine. (PSR, ¶ 69, Part A).  With no adjustments applied, the defendant's total offense level remained 42.  (PSR, ¶ 69, Part A; Statement of Reasons ("SOR"), ¶ 4).  Applying criminal history category IV, the resulting Guidelines custody range was determined to be 360 months to life imprisonment. (PSR, Part D; SOR, ¶ 4). However, prior to trial, the government filed a notice pursuant to 21 U.S.C. § 851 to enhance the defendant's sentence for two prior drug convictions. (Doc. 179; PSR ¶ 134).  At sentencing the Court overruled the defendant's objection to the enhancement and sentenced the defendant to a mandatory minimum term of life imprisonment pursuant to 21 U.S.C. 841(b)(1)(a). (PSR ¶ 39; SOR, ¶¶

3

5,8; Doc. 217).

## LEGAL AUTHORITY

(A)  <u>18 U.S.C. § 3582(c)(2)</u>

Title 18, United States Code, Section 3582(c)(2) provides for the modification of an imposed prison sentence when the United States Sentencing Commission has lowered the sentencing range:

> (c) Modification of an imposed term of imprisonment. - The court may not modify a term of imprisonment once it has been imposed except that -
>
> . . .
>
>    (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

In § 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case.[1]  On December

---

[1] Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

4

11, 2007, the Commission issued a revised version of § 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). Revised § 1B1.10(a), which became effective on March 3, 2008, provides:

> (1) In General. – In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) Exclusions. – A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if -
>
>     (A)  none of the amendments listed in subsection (c) is applicable to the defendant; or
>
>     (B)  an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.
>
> (3) Limitation. – Consistent with subsection (b), proceedings under 18 U.S.C. 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

USSG § 1B1.10(a)(November 1, 2011).

Effective November 1, 1994, Amendment 505 amended the drug quantity table in USSG § 2D1.1 by reducing the highest base offense level for all drug offenses to 38 and eliminating levels 40 and 42.

---

A guideline amendment may be applied retroactively only when expressly listed in § 1B1.10(c). See, e.g., United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).

USSG App. C. (Vol. 1). Amendment 505 is included in the list of amendments stated in § 1B1.10(c) which may be applied retroactively. See USSG § 1B1.10(c)(November 1, 2011).

(B)  <u>AMENDMENT 505</u>

Amendment 505 to Section 2D1.1 of the United State's Sentencing Guidelines eliminated base offense levels 40 and 42 for drug quantities, and capped out the drug quantity table at USSG § 2D1.1 at base offense level 38. Before Amendment 505 went into effect, the base offense level for violations involving more than conversion amounts of 300,000 kilograms of marijuana was 42. The base offense level for offenses involving between 100,000 and 300,000 kilograms of marijuana was 40. And the base offense level for violations involving between 30,000 and 100,000 kilograms of marijuana was 38. Since Amendment 505 has gone into effect, all violations involving more than 30,000 kilograms of marijuana have a base offense level 38. <u>See</u> USSG, App. C, Vol. I, am. 505; <u>United States v. Rios-Hernandez</u>, Slip Copy, 2010 WL 1689497 (D. Nev. 2010).

ARGUMENT

The defendant is not eligible for a sentence reduction, because although Amendment 505 would lower the defendant's base offense level, the defendant's life sentence is mandated by statute, and the Court may not reduce the defendant's sentence below the statutory mandatory minimum of life imprisonment. <u>See</u>

United States v. Flowers, 257 F. App'x 203 (11th Cir. 2007) (reduction of offense levels in the Sentencing Guidelines under Amendment 505 had no effect on the defendant's statutory mandatory life sentence).

The Sentencing Commission has not altered and cannot alter a statutory mandatory minimum sentence. See USSG § 1B1.10, comment. n.1(A)(affirming that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with this policy statement if . . . the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)". Accordingly, as courts have consistently recognized, where a statutory mandatory minimum sentence is applicable the passage of a retroactive guideline amendment is irrelevant. See United States v. Eggersdorf, 126 F.3d 1318, 1320 (11th Cir. 1997)("Regardless of the guideline amendment, the language of the statutory minimum is clear and has been unaltered by Congress. The statute controls in the event of a conflict between the guideline and the statute").

CONCLUSION

The defendant's mandatory life sentence is a statutory sentence, and therefore may not be reduced under Amendment 505 or any other current amendment to the United States Sentencing Guidelines. Thus, the Court is not authorized to reduce the defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 505.

Respectfully Submitted,

SALLY QUILLIAN YATES
United States Attorney
Northern District of Georgia


s/G. SCOTT HULSEY
Assistant United States Attorney
Georgia Bar No. 377480

600 Richard B. Russell Building
75 Spring Street, SW
Atlanta, Georgia 30303
(404) 581-6000
(404) 581-6181 FAX

Jamie V. Beck
Paralegal Specialist

```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF GEORGIA
                      ATLANTA DIVISION

UNITED STATES OF AMERICA,    :
                             :     CRIMINAL ACTION NO.
            v.               :     1:90-CR-190-JOF-2
                             :
GEORGE DANIELS,              :
                             :
      Defendant.             :
```

CERTIFICATE OF COMPLIANCE AND SERVICE

I hereby certify that the above was prepared using Courier New 12 point font, and that I have caused a copy of the foregoing GOVERNMENT'S RESPONSE ADDRESSING THE DEFENDANT'S ELIGIBILITY FOR A SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2) to be electronically filed with the Clerk of Court using the CM/ECF system, and to be delivered to the following non-CM/ECF participant(s) by depositing a copy in the United States mail in an envelope bearing sufficient postage for delivery:

George Daniels
Reg. # 41045-019
FCI BUTNER II
P.O. Box 1500
Butner, NC 27509

This 1st day of May, 2012.

s/G. SCOTT HULSEY
Assistant United States Attorney