**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL ACTION NO. |
| : | |
| GEORGE DANIELS, : | 1:90-cr-00190-JOF-JED-2 |
| : | |
| Defendant. : | |

**ORDER**

This matter is before the court on Petitioner's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) [546] and Petitioner's motion to compel ruling on motion [552].

On August 20, 1991, Petitioner, George Daniels, was convicted by a jury on Counts One and Eight of a superseding indictment. Count One alleged conspiracy to distribute in excess of 100 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a) and 846 and Count Eight alleged distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1). On December 13, 1991, the court sentenced Petitioner to life in prison with no release. Petitioner filed a motion to vacate pursuant to § 2255 with representation of counsel and the court denied that motion on December 4, 1998. The Eleventh Circuit affirmed the denial on June 22, 2000.

On May 13, 2011, Petitioner file the instant motion for a reduction of sentence pursuant to Amendment 505 to the Sentencing Guidelines which Petitioner contends amended the guideline range to cap the upper drug limits of the drug quantity table in U.S.S.G. § 2D1.1 from level 42 to level 38. Petitioner avers that he was sentenced at an

AO 72A
(Rev.8/82)

adjusted base offense level of 42 and a criminal history category of IV which yielded life in prison, but under the Amendment, Petitioner's base offense level would be 38 which with a criminal history category of IV now yields a sentencing range of 324-405 months. Petitioner avers that Amendment 505 should be applied retroactively. Petitioner adds that he has served 21 years in prison and is now 71 years old, having recently recovered from a stroke, factors which would mitigate the potential that he could engage in any future criminal conduct. Petitioner asserts that one of his co-defendants received an adjusted sentence under Amendment 505.

In its response, the Government notes that prior to trial, the Government filed a notice pursuant to 21 U.S.C. § 851 to enhance Petitioner's sentence for two prior drug convictions. At sentencing, the court overruled Petitioner's objection to the enhancement and Petitioner was therefore sentenced to a mandatory minimum term of life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(a).

Petitioner is correct about the effect of Amendment 505 which eliminated the base offense levels of 40 and 42 and the fact that the Amendment can be applied retroactively. However, because Petitioner's life sentence was the result of a statutory mandatory minimum sentence, § 3582(c)(2) and Amendment 505 cannot act to reduce his sentence. "The guidelines range for a defendant subject to a statutory minimum would not be lowered by an amendment, even if the amendment would otherwise be applicable to the defendant." *See United States v. Mills*, 613 F.3d 1070 (11th Cir. 2010) (quotation and citation omitted)

2

(retroactive amendments to crack cocaine guidelines are inapplicable to defendants whose sentences were based on statutory mandatory minimums).

The defendant in *United States v. Flowers*, 257 Fed. Appx. 203 (11th Cir. 2007) made the same argument as Petitioner has concerning Amendment 505. However, because the defendant in *Flowers*, like Petitioner here, was sentenced to a statutory mandatory life sentence under 21 U.S.C. § 851(b)(1)(A)(iii) for two prior felony drug convictions, the Eleventh Circuit found that Amendment 505 could not act to reduce the defendant's sentence. *Id.* at 204-05.[1]

For these reasons, the court DENIES Petitioner's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) [546] and DENIES AS MOOT Petitioner's motion to compel ruling on motion [552].

**IT IS SO ORDERED** this 8th day of May, 2012.

                                                S/ J. Owen Forrester
                                                J. OWEN FORRESTER
                          SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Petitioner is correct that a co-defendant did receive a reduction under Amendment 505. *See Demar v. United States*, 228 Fed. Appx. 940, 944 n.6 (11th Cir. 2007). However, the co-defendant's original sentence was not enhanced for two prior felony drug convictions and therefore she was not sentenced on the basis of a statutory mandatory minimum.

3